Gilbert, District Judge, concurring in part and dissenting in part.
I join with my colleagues on the Fourth Amendment question. The majority's holding on the First Amendment issue, however, is problematic.
Kathryne McAuliffe owns and runs Comsys: a privately-held company. And the record in this case thus far-which we must read favorably to Comsys-is disturbing. First, city administrator Frank Pacetti directed Comsys employee Merril Kerkman to steal information from Comsys and funnel it back to the city so that Pacetti could create a new internal IT department. Pacetti would then reward Kerkman for his deeds by making him the new Director of IT for the city. McAuliffe learned of this scheme when she found a confidential email printed out from her personal archives sitting on Kerkman's desk. So, like any rational citizen who realizes that they are a victim of a crime, McAuliffe notified the police. The majority recognizes the gravity of the crime, considering the opinion acknowledges that the stolen information may have included trade secrets and other confidences.
*475 But the majority does not describe the details of what happened next. The city police department began an administrative investigation, and Pacetti's anger consumed him. Not only did Pacetti meet with the police to express his disapproval with the investigation, but he also summoned McAuliffe to his office, screamed at her, and banged his fist on the desk, threatening "wholesale changes" to the IT department-simply because McAuliffe reported a crime against her privately-held business. This left McAuliffe in tears. And after McAuliffe left Pacetti's office, she learned that Pacetti had asked for copies of the Comsys contract and said it "needed to be re-examined."
Pacetti's rampage does not stop there. He called another meeting with the police and demanded that they give him advance notice of any arrest of Kerkman, and when the police declined, Pacetti stormed out and started another fiery confrontation with McAuliffe-in which Pacetti threatened to terminate the Comsys contract if Kerkman got in trouble with law enforcement . Kerkman did get in trouble: when the police investigation revealed that Kerkman likely committed computer crimes, McAuliffe filed a criminal complaint with the county sheriff's department. McAuliffe also met with a detective in the sheriff's department to inform him of Pacetti's threats against her. The majority does not address most of these facts, and even paints McAuliffe-a crime victim-as a villain of-sorts, by stating that law enforcement's seizure of the city's servers "caused bad feelings as well as considerable difficulty in getting work done."
The majority then holds that Pacetti gets qualified immunity for his actions because he did not violate any clearly established rights of the appellees. What the majority is effectively saying is that you do not have a clearly established right to report a crime against you or your privately-held business to the police. That cannot be correct. The First Amendment expressly protects "the right of the people ... to petition the government for a redress of grievances." U.S. Const. amend. I. This clause has been incorporated against the states through the Fourteenth Amendment's due process clause. Edwards v. South Carolina , 372 U.S. 229, 235, 83 S.Ct. 680, 9 L.Ed.2d 697 (1963). And this circuit has interpreted the clause to mean that you have "a right to petition the appropriate government entity [with your grievance]...." Hilton v. City of Wheeling , 209 F.3d 1005, 1007 (7th Cir. 2000). That right "[is] among the most precious of the liberties safeguarded by the Bill of Rights." United Mine Workers of Am., Dist. 12 v. Illinois State Bar Ass'n , 389 U.S. 217, 222, 88 S.Ct. 353, 19 L.Ed.2d 426 (1967).
It should be clear that the First Amendment protects your ability to report to the police that you are the victim of a crime. And although the Supreme Court "does not require a case directly on point for a right to be clearly established," Kisela v. Hughes , --- U.S. ----, 138 S.Ct. 1148, 1152, 200 L.Ed.2d 449 (2018), there are numerous published opinions at both the district and circuit court levels coming to the same conclusion: "[t]he reporting of a crime to police officers 'constitutes an exercise of the First Amendment right to petition the government for the redress of grievances,' " Ibarra v. City of Chicago , 816 F.Supp.2d 541, 550 (N.D. Ill. 2011) (quoting Meyer v. Bd. of Cnty. Comm'rs of Harper Cnty. , 482 F.3d 1232, 1243 (10th Cir. 2007) ), and it is "axiomatic that filing a criminal complaint with law enforcement officials constitutes an exercise of [that right]." Estate of Morris ex rel. Morris v. Dapolito , 297 F.Supp.2d 680, 692 (S.D.N.Y. 2004) (citing Gagliardi v. Vill. of Pawling , 18 F.3d 188, 194-95 (2d Cir. 1994) ;
*476 Lott v. Andrews Ctr. , 259 F.Supp.2d 564, 568, 570-71 (E.D.Tex. 2003) ) (internal quotation marks omitted).
There is one final matter: the majority is correct that the Supreme Court continues to move the ball on when law is "clearly established" for a qualified immunity analysis, but the majority takes this principle too far. My colleagues rely chiefly on Trigillo v. Snyder , 547 F.3d 826 (7th Cir. 2008) to indicate that the right to report a crime against you or your personally-held business is not clearly established at the moment. But Trigillo dealt with a public service administrator trying to ensure that the Illinois Department of Corrections was proceeding appropriately, and when the employee became more concerned with what was going on at the Department, she filed a report with the Illinois Attorney General. 547 F.3d at 826-28. The employee wrote the report on a department letterhead and signed it as the "Chief of Procurement." Id . at 828. So it should not be a surprise that the speech in Trigillo fell within the scope of Garcetti v. Ceballos, 547 U.S. 410, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006), considering the speaker was undoubtedly speaking as an employee rather than as a citizen in her private capacity. That is far different from our case, where McAuliffe learned that someone was stealing trade secrets from her privately-held business and reported as much to the authorities. And the fact that McAuliffe's privately-held business had a contract with the city cannot mean that suddenly McAuliffe loses her right to report those computer crimes simply because "performance of the contract" may be at play.
Because it is clearly established that McAuliffe had a First Amendment right to report a crime against herself and her privately-held business to law enforcement, and Pacetti retaliated against her for doing so, Pacetti should not be entitled to qualified immunity on that claim. I respectfully dissent as to the majority's holding on the First Amendment question.